## GREENVALE HOMES CORPORATION v. MARTING et al.

Common Pleas Court, Summit County.

No. 171014.   Decided October 26, 1949.

M. S. Hewgly, Cleveland, for plaintiff.
Wm. H. Whilton, Akron, for defendants.

### OPINION

By WATTERS, J.
This is an action filed April 28, 1949, for a declaratory judg-

ment by Greenvale Homes Corporation, a corporation, which purchased the land in question from one Robert B. Romweber, who purchased the property at auction sale of forfeited lands on June 23, 1947, and acquired title thereto by deed from C. L. Bower, County Auditor of Summit County, Ohio, dated July 24, 1947. This deed was filed for record in Summit County Recorder's office on August 8, 1947, at 9:05 o'clock A. M., and is recorded in Volume of Deeds 2392, at page 349.

The defendant, E. L. Marting, trustee, was the owner of the land in question at the time of forfeiture, and the defendant, John R. Carhuff, is the owner and holder of a mortgage covering said premises.

The case was submitted to the Court upon the following stipulation as to the facts:

"It is hereby stipulated and agreed between the parties hereto, that E. L. Marting, Trustee, was the owner of the premises described in petition at the time of the commencement of the forfeiture proceedings, and continuously thereafter and up to the time that said property was forfeited to the State of Ohio.

"The parties hereto further agreed that Robert B. Romweber did acquire land described in petition at the forfeited land sale on the date set forth in the petition, that the filing date and the recorded Volume and page of said Auditors Deed are correct as stated in the petition.

"It is further agreed between the parties hereto that the Greenvale Homes Corporation did acquire by purchase the land described in the petition from Robert B. Romweber on the date set forth therein.

"It is further stipulated and agreed between the parties hereto that the Defendant John R. Carkhuff is the holder of the mortgage set forth in the petition, which mortgage remains uncancelled as of record.

"Further the parties hereto stipulate that the dates set forth in petition as regards the publication of the display notice and delinquent tax notice in the Akron Beacon Journal and the Summit County Democrat are correctly given. Further the parties hereto agree that the display notice and delinquent tax notice published in the Akron Beacon Journal April 17, 1944, was regular in all respects except that it did not contain the following words at the end thereof, 'and notice is hereby given that the whole of such several lots, tracts, or parts of lots will be certified for foreclosure by the County Auditor pursuant to law or forfeited to the state, unless taxes, assessments, penalties and interest are paid.' Further

the parties agree that the second of such notices published in A. B. J. (Akron Beacon Journal) on May 1, 1944, was complete in that the said notice did include that portion of the form of notice which was omitted in the original or first installment viz.: 'and notice is hereby given that the whole of such several lots, tracts, or parts of lots will be certified for foreclosure by the County Auditor pursuant to law or forfeited to the State unless taxes, assessments, penalties and interest are paid.'

"Further the parties agree that the display notice and the delinquent tax notice was published in the Summit County Democrat in three consecutive installments; that the first two installments in said Summit County Democrat omitted the same words at the end thereof, as were omitted in the first publication in the Akron Beacon Journal of April 17, 1944, hereinabove set forth.

"And that final or third such installments of said notices in the Summit County Democrat was complete in that the said notice did include that portion of the form of notice which appeared in the Akron Beacon Journal of May 1, 1944, as heretofore set forth.

"It is further agreed by the parties hereto that the clerk's publication of notice of the time and place for hearing of objections pertaining to the lands to be forfeited to the State of Ohio was published once a week for two consecutive weeks in the Akron Beacon Journal and also in the Akron Legal News, which newspapers it is agreed herein are both independent as regards to Politics.

"It is further agreed by the parties hereto that E. L. Marting, Trustee, the former owner, upon such notice of the time and place of hearing did not present to the court any written objection and did not present any oral objection at such hearing.

"It is further agreed by the Parties hereto that the Greenvale Homes Corporation and its predecessor in title, Robert B. Romweber, have been in possession of said premises continuously since the filing of the Auditors Deed with the Summit County Recorder on August 8, 1947, until the date of filing the Plaintiff's petition herein, which comprises more than one year since the filing of said Auditor's Deed."

In addition to the stipulation, the court heard oral testimony from which the court determines that the Akron Legal News is a publication in the County of Summit and City of Akron, independent in politics, and that the Summit County

Democrat is a publication in the County of Summit, Democratic in politics, and each was such at the times in question.

With the consent of the parties and the court "the Akron Beacon Journal" was allowed to inform the court by letter what candidates it supported for the election of November, 1944, and to declare its political policy. The court has received such letter through its counsel, C. Blake McDowell, Jr., which exhibit the court has marked for convenience as Court's Exhibit No. 1, and quoting from the last paragraph thereof we find: "The Akron Beacon Journal, a newspaper of general circulation in the City of Akron, County of Summit and State of Ohio, is now and was in 1944 a newspaper independent in politics, and has had a general circulation in the City of Akron, County of Summit and State of Ohio for approximately the past 100 years."

Accordingly this court finds said paper to be independent in politics.

All the questions before the court in the instant case, with one exception, were before this same court and decided in case Number 163,479, in this court, entitled Sweet v. Courtney et al., decided March 9, 1948. This case was published in 1948, 78 N. E. 2d page 83.

The exception noted above is as follows: No question was raised in the Sweet case as to the publication under §5718-1b GC, not having been published in two newspapers of opposite political faith.

The Sweet case grew out of the same forfeited land procedure and forfeited land suit in this court as are involved in the instant lawsuit, the actual case in this court for forfeiture being cause No. 159,430.

Coming now to the matter of the publication of notice of the hearing in Common Pleas Court on the case, to-wit No. 159,430, said hearing and notice being provided for in §§5718-1b and 5704 GC. The notice was published on two consecutive weeks in the "Akron Legal News" and in the "Akron Beacon Journal" both newspapers of independent political faith, as found hereinbefore.

Sec. 5718-1b GC providing for the notice of hearing refers back to §5704 GC as to the method of publication.

It is doubtful, in my opinion, construing both of said statutes, whether it is mandatory that said notices of hearing be published in newspapers of opposite political faith.

Even if the correct view is that it is mandatory to publish said notices in newspapers of opposite political faith, it is the opinion of this court that that objection should have been raised at the time of said hearing in court.

Attention is also called to §5762-1 GC which bars any action or defense after the lapse of one year after the filing of the auditor's deed for record in the recorder's office, which date in this instant case was August 8, 1947. I hold that that section creates a complete bar.

From the foregoing counsel will prepare a proper decree quieting title in the plaintiff to said premises, and barring any further right of the defendants to question plaintiff's title because of. any claimed defects growing out of said forfeited land procedure, or otherwise.

Exceptions to defendants.